(No. 88-CC-1126—<span style="background:black">■■■■</span>

MICHAEL PITTMAN, A-90850, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed February 18, 1992.*

MICHAEL PITTMAN, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (STEPHEN T. SCHMALL, Assistant Attorney General, of counsel), for Respondent.

## ORDER

RAUCCI, J.

This cause coming to be heard on the motion of Respondent to dismiss, due notice having been given the parties hereto, and the Court being duly advised in the premises, the Court finds that on October 29, 1987, Claimant filed this claim for injuries allegedly sustained from assaults by other inmates on October 21, 1986, and January 26, 1987. With respect to the first alleged attack, Claimant failed to file notice with the Court of Claims

within one year as required by Section 22—1 of the Court of Claims Act (Ill. Rev. Stat. 1989, ch. 37, par. 439.22—1). With respect to the second alleged attack, Claimant has failed to pursue actions against his alleged inmate attackers in contravention of section 25 of the Court of Claims Act (Ill. Rev. Stat. 1989, ch. 37, par. 439.24—5), and cases such as *Essex v. State*, decided thereunder. Such potential attackers were previously identified to Claimant as part of the Department of Corrections' internal investigation, a copy of which was included as an exhibit to Respondent's departmental report, filed pursuant to section 790.140 of the Court of Claims Regulations on or about January 25, 1989. Claimant's report further contains correspondence indicating that there was no staff negligence involved in such assault (see November 30, 1987, letter to Rick Dunbar from James Chrans).

It is hereby ordered that the motion of Respondent be, and the same hereby is, granted, and Claimant's claim is dismissed with prejudice.